UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                )
ANTHONY LONG,                   )
                                )
       Petitioner,             )
                                )
       v.                      )    Civil Action No. 14-1290 (RBW)
                                )
UNITED STATES                   )
PAROLE COMMISSION,              )
                                )
       Respondent.             )
_____ )

**MEMORANDUM OPINION**

The petitioner, a District of Columbia parolee residing in the District, has filed an action captioned: "Petition for 'Writ of Habeas Corpus' D.C. Code 1901(a) and (b)" ("Pet.") [Dkt. # 1].[1] He has named the United States Parole Commission ("Commission") as the respondent because the Commission is responsible for supervising District of Columbia parolees or supervisees, such as the petitioner. *See* Pet. at 2 ("In the instant case[,] the Petitioner is under the immediate custody of the . . . Commission who are Federal officers.").

The petitioner "challenge[s] the legality of his detention based upon the criminal plaintiff (District of Columbia Superior Court) [h]olding the petitioner under an unconstitutional statue [sic] and a non-existing law in the District of Columbia." *Id*. at 1 (parenthesis in original). The petitioner presents two distinct grounds for relief. First, the petitioner claims that he "is being restrained of his lawful liberty" because he "cannot leave outside of a 50 miles radius of the

---

[1] D.C. Code § 16-1901 authorizes "[a] person . . . detained, confined, or restrained from his lawful liberty within the District, under any color or pretense whatever" to apply for a writ and requires "[p]etitions for writs directed to Federal officers or employees" to be filed in this Court. D.C. Code § 16-1901(a)-(b) (2001).

1

Metropolitan area without permission from his parole officer, . . . must submit to Bi-Monthly urine test[s], and must report to his parole officer Bi-Monthly." *Id*. at 2. Second, the petitioner claims that his 1996 conviction for Manslaughter While Armed entered by the Superior Court of the District of Columbia following a plea of guilty, *see id*. at 5, constitutes "a 'structural error' of a fundamental nature . . . ." *Id*. at 4-5.

"A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243 (2008). District of Columbia prisoners and parolees are entitled to habeas corpus relief under 28 U.S.C. § 2241 if they establish that their "custody is in violation of the Constitution or laws or treaties of the United States." *Id*., § 2241(c)(3). "The concept of legal custody is a category that encompasses various degrees of restraint[,]" from imprisonment to parole. *Goodman v. Waldren*, No. 08–2163, 2009 WL 4823986, at *2 (D.D.C. Dec. 10, 2009).

For the following reasons, the Court finds first that the petitioner's challenge to the conditions of his parole supervision provides no basis for issuing the writ, and second that jurisdiction is lacking over the petitioner's challenge to his conviction.

    1. <u>The Parole Conditions Claim</u>

The petitioner's claim predicated on the restraints placed on his liberty by the conditions of his parole supervision implicates the due process clause. *See Doe v. Parole Comm'n*, 958 F. Supp. 2d 254, 265 (D.D.C. 2013) ("A procedural due process violation occurs when government action deprives a person of liberty . . . without affording appropriate procedural protections. . . . A substantive due process violation occurs only when government action interferes with a fundamental right or liberty interest.") (citations omitted). It is settled, however, that District of

Columbia prisoners do not have a constitutionally protected right to be released to parole. *See Pryor-El v. Kelly*, 892 F. Supp. 261, 273 (D.D.C. 1995) ("The law is clear in this Circuit that the pertinent parole statute, D.C. Code 24–204, does not create a liberty interest sufficient to trigger due process protections.") (citing *Brandon v. District of Columbia Bd. of Parole*, 631 F. Supp. 435, 439 (D.D.C.1986), *aff'd*, 823 F.2d 644 (D.C. Cir. 1987)); *see accord Cole v. Harrison*, 271 F. Supp. 2d 51, 53 (D.D.C. 2002). Hence, if release to parole does not trigger due process protections, surely no substantive due process violation is at issue here.

As a general rule, a parolee, such as the petitioner, has a liberty interest in maintaining his conditional freedom and, thus, is entitled to procedural due process before his parole status is revoked. *See Ellis v. District of Columbia*, 84 F.3d 1413, 1420 (D.C. Cir. 1996). But the petitioner does not suggest that he is facing a parole revocation, and it is unclear just what other constitutional right is at stake. Unlike ordinary citizens, parolees "do not enjoy [] absolute liberty . . . but only . . . conditional liberty properly dependent on observance of special . . . restrictions." *Griffin v. Wisconsin*, 483 U.S. 868, 874 (1987) (citation and internal quotation marks omitted). The District of Columbia Code empowers the Commission to "release [a prisoner] on parole upon such terms and conditions as the Commission shall from time to time prescribe," upon determining that "there is a reasonable probability that a prisoner will live and remain at liberty without violating the law [and] that his . . . release is not incompatible with the welfare of society[.]" D.C. Code § 24-404(a) (2009). The D.C. Code "is supplemented by associated federal regulations" that set out general conditions of release and special conditions of release if the Commission "determines that such condition is necessary to protect the public from further crimes by the releasee and provide adequate supervision of the releasee." *Chandler v.*

*United States Parole Comm'n*, --- F. Supp. 2d ---, 2014 WL 3887919, at * 6 (D.D.C. Aug. 8, 2014) (quoting 28 C.F.R. § 2.85(b)).

The parole conditions about which the petitioner complains--obtaining permission from his parole officer before traveling beyond a certain point, providing urine tests, and meeting with his parole officer--are "general conditions of release . . . [applicable to] every releasee . . . ." 28 C.F.R. § 2.204(a)(1). The petitioner does not allege that he sought permission from his parole officer to travel beyond the 50-mile radius and the request was denied for unconstitutional reasons. *See Berrigan v. Sigler*, 499 F.2d 514, 519-22 (D.C. Cir. 1974) (While prisoners and parolees do not "lose their constitutional rights" altogether, "those rights of necessity [,*e.g.*, the Fifth Amendment liberty right to travel,] are conditioned by the situation in which their convictions placed them."); *cf. Sobell v. Reed*, 327 F. Supp. 1294, 1306 (S.D.N.Y. 1971) (declaring "unlawful defendants' refusals to permit [parolee's] travel" for First Amendment activities while "preserv[ing] defendants' powers of supervision in all other respects, including the power to require notices of travel outside this District, proposed itineraries and reasonable measures of supervision while traveling"). The petitioner's mere objections to the general conditions of his parole present no basis for issuing the writ or a show cause order.

2. The Conviction Claim

The petitioner's arguments are difficult to follow but he contends that the offense to which he pled, "Manslaughter While Armed[,] is a nonexistent offense in the District of Columbia," Pet. at 6, because it combines "the criminal offense statue [sic] manslaughter . . . with the indeterminate enhancement statue [sic] (while armed 22-3202)." *Id*. at 7 (parenthesis in original). The petitioner concludes that his conviction "should be a 'Void Judgment' and [the] Petitioner should be immediately released from parole." *Id.* at 16.

It is settled that unlike federal and state prisoners, "a District of Columbia prisoner has no recourse to a federal judicial forum [to challenge a Superior Court conviction] unless the local remedy is 'inadequate or ineffective to test the legality of his detention' " *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997) (internal footnote omitted); *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986). This is so because D.C. Code § 23–110 (2001) authorizes a District of Columbia prisoner to file a motion "to vacate, set aside, or correct [a] sentence on any of four grounds" challenging its constitutionality, *Alston v. United States*, 590 A.2d 511, 513 (D.C. 1991), and this local remedy "has been found to be adequate and effective because it is coextensive with habeas corpus." *Saleh v. Braxton*, 788 F. Supp. 1232 (D.D.C. 1992) (citing *Garris*, 794 F.2d at 725; *Swain v. Pressley*, 430 U.S. 372, 377-82 (1977)).

A motion under § 23-110 must therefore be filed in the Superior Court, and

> [an] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g); *see Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009) ("Section 23–110(g)'s plain language makes clear that it only divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to section 23-110(a)."). Because the petitioner has presented a claim that is cognizable under § 23-110 and has not alleged, let alone shown, that the local remedy is ineffective or inadequate, the Court finds that it lacks jurisdiction to entertain the petitioner's ground for relief based on the Superior Court's judgment of conviction.[2]

```
          _____s/_____
          Reggie B. Walton
DATE: September 24, 2014      United States District Judge
```

---

[2] A separate Order of dismissal accompanies this Memorandum Opinion.